THE PEOPLE OF THE STATE OF NEW YORK ex rel. TIMOTHY SHEA, Appellant, *v.* FRANKLIN C. GILBERT, as Town Clerk of the Town of Hempstead, Nassau County, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. TIMOTHY SHEA, Appellant, *v.* LAWRENCE E. KERWIN and CHARLES W. STOWE, as Commissioners of Elections of Nassau County, Respondents.

Second Department, October 24, 1919.

Election Law — necessity for separate ballots for candidates for town offices at general election — provisions of Election Law and Town Law construed.

Section 341 of the Election Law, amended by chapter 821 of the Laws of 1913 so as to extend to all general elections the provision for a separate ballot for candidates for town offices, which before had been limited to elections in even-numbered years, and section 316 of said statute, amended by the same chapter so as to strike out entirely the provision for a separate box for such separate ballots, and section 68 of the Town Law, providing that there shall be no such separate ballot, construed and *held*, that at a general election in an odd-numbered year there need not be a separate ballot for candidates for town offices.

JENKS, P. J., dissented.

APPEALS by the relator from two judgments of the Supreme Court in favor of the respondents, both entered in the office of

the clerk of the county of Nassau on the 16th day of October, 1919.

*Jackson A. Dykman,* for the appellant.

*H. Stewart McKnight,* for the respondents.

MILLS, J.:

The question presented by these appeals is whether or not, at a coming general election in the town of Hempstead, Nassau county, there shall be a separate ballot for candidates for town offices. The court at Special Term took the negative view, while the appellant, relator, contends for the affirmative.

Section 341 of the Election Law (Consol. Laws, chap. 17), as amended by chapter 821 of the Laws of 1913, provides that " If the town meeting is held on general election day * * * official and sample general ballots on which town officers only are to be voted for shall be provided by the town clerk." (See, also, Laws of 1916, chap. 454.) Before that, section 341 had provided for such a separate ballot only at elections held in even-numbered years. (See Laws of 1909, chap. 22; Laws of 1911, chap. 649.) That provision had existed by and since chapter 733 of the Laws of 1904 (amdg. Election Law [Gen. Laws, chap. 6; Laws of 1896, chap. 909], § 86; also amd. by Laws of 1905, chap. 643). The amendment of 1913 thus apparently extended the provision for such separate ballot to all general elections at which town officers are elected. If other material statutory provisions were harmonious, there could be no doubt but that the legislation of 1913 had effected that change; and the contention of the appellant would have to be upheld. The difficulty arises from the fact that such other provisions are not so harmonious; and that difficulty led to the decision at Special Term, as the opinion there indicates.

Section 68 of the Town Law (Consol. Laws, chap. 62; Laws of 1909, chap. 63), since and by chapter 363 of the Laws of 1898 (amdg. Town Law [Gen. Laws, chap. 20; Laws of 1890, chap. 569], § 12; also amd. by Laws of 1901, chaps. 349, 536, and Laws of 1903, chap. 57), has provided that " candidates for town offices shall be voted for in the same

manner and on the same ballot as candidates for other offices," and, therefore, that provision existed during the period, 1904–1913, when there was in said section 341 the above definite requirement of a separate ballot in even-numbered years.

Again, section 316 of the Election Law by the act of 1909 (Chap. 22) provided expressly for a separate box for town office ballots in the even years; and that provision continued until said amendment of 1913. (See Laws of 1911, chap. 649; Laws of 1913, chap. 821.) As so amended, that section provided for only one box for "ballots for general officers." (See, also, Laws of 1917, chap. 703.)

Section 318 of the Election Law as to election expenses has, at least since 1901 (Laws of 1901, chap. 95, amdg. Election Law [Gen. Laws, chap. 6; Laws of 1896, chap. 909], § 18), provided that in case a town election be held at the same time as a general election certain specified election expenses shall be divided between the county and town, in proportion of the number of town candidates to the whole number of candidates on the ballots. (See Laws of 1909, chap. 22; Laws of 1918, chap. 323; Laws of 1919, chap. 504.) This apparently considered that all candidates would be on one ballot.

Again, section 331 of the Election Law has, at least since 1909, provided for "one form of ballot for all the candidates for public office;" but the amendment of 1913 changed the phraseology to "there shall be five kinds of ballots, called respectively * * * ballots for general officers * * *. Ballots for general officers shall contain the names of all candidates except presidential electors." (See Laws of 1909, chap. 22; Laws of 1911, chaps. 649, 872; Laws of 1913, chap. 821; Laws of 1914, chap. 87; Laws of 1916, chap. 537; Laws of 1918, chap. 323.)

Moreover, section 366 of that law has, at least since 1909, provided, as to the order of canvassing, that the boxes shall be opened and the ballots canvassed in this order, namely: "First, the box containing the general ballots."

The amendment of 1913, adding a provision as to presidential elections, provided thus, "First. The box, if any, containing presidental ballots. Second. The box, if any, containing general ballots."

All the above cited provisions may perhaps be fairly recon-

ciled with the 1913 amendment of section 341 providing for a separate ballot except section 68 of the Town Law and section 316 of the Election Law. It looks to me very much as though the Legislature, in making that amendment to section 341, had really intended to make that change and so to provide for a separate ballot for town officers, but had somehow, perhaps in the haste of the extraordinary session, overlooked making harmonious changes in the other material statutes.

The situation is this: The act of 1913 amended section 341 so as to extend to all general elections the provision for a separate ballot for candidates for town offices which before had been limited to elections in even-numbered years; and the same act also amended section 316 so as to strike out entirely the provision for a separate box for such separate ballots. Of course it is self-evident that if there be such separate ballots there must be a corresponding separate box. Moreover, before and since the amending act of 1913, section 68 of the Town Law has distinctly provided that there shall be no such separate ballot. If the inconsistency existed only between the act of 1913 and that section of the Town Law, I would conclude that the former, as the later enactment, must prevail and be deemed, by implication, to have modified the latter, the earlier statute. The chief difficulty is with the inconsistency between the two sections of the Election Law, as amended by the same act of 1913, the one providing distinctly for the separate ballot and the other as clearly, in effect, that there shall be none; and the latter section was in that respect re-enacted by chapter 703 of the Laws of 1917.

The question here presented is by no means free from difficulty; but upon the whole I think that we should affirm.

I advise, therefore, that the judgments appealed from be affirmed, without costs.

PUTNAM and KELLY, JJ., concurred; JENKS, P. J., dissented.

In each case judgment affirmed, without costs.